UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC J. DUARTE,<br><br>      Plaintiff,<br><br>v.<br><br>BRIDGEWATER STATE HOSPITAL, et al.,<br><br>      Defendants. | Civil Action No.<br>23-11771-MJJ |

## ORDER

**JOUN, D.J.**

Plaintiff Eric J. Duarte, who was confined at Norfolk County Correctional Center ("NCCC") when he commenced this lawsuit but is now at Bridgewater State Hospital ("BSH"), brings this action concerning conditions of confinement at the two facilities. In a November 6, 2023 order, the Court found that his 125-page long Complaint did not contain a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and directed Duarte to file an Amended Complaint. [Doc. No. 6]. The Court instructed Duarte that the Amended Complaint had to "contain sufficient factual matter, accepted as true" to state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that a plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court also explained the rule for permissive joinder of parties under Rule 20 of the Federal Rules

of Civil Procedure. The Court stated that this action would be dismissed if Duarte did not file an amended complaint that cured the pleading deficiencies identified by the Court.

In response to this Order, Duarte filed a Motion to Amend as well as the proposed Amended Complaint. [Doc. No. 11]. Although the proposed Amended Complaint is substantially shorter than the original Complaint, it fails to state a claim upon which relief may be granted. The allegations are largely conclusory and vague. In most of the paragraphs of the proposed pleading, Duarte lists the types of behavior for which he seeks to hold the defendants liable, such as "acts of harassment, retaliation, intimidation, bad faith and threats," *id*. at ¶ 78, without providing any factual content that would support the broad allegations. The Court cannot credit these allegations. *See Iqbal*, 556 U.S. at 679 (stating that pleadings that "are no more than conclusions, are not entitled to the presumption of truth," and that, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Further, where Duarte does identify specific acts of alleged misconduct, these alleged facts, treated as true, do not indicate that the defendants are liable to Duarte.[1]

Accordingly, the Court <u>DISMISSES</u> this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

    /s/ Myong J. Joun  
Myong J. Joun  
United States District Judge

Dated: March 22, 2024

---

[1] In addition, despite Duarte's representation to the contrary, under the alleged facts there is not a basis for joining the NCCC defendants and the BSH defendants in a single lawsuit.

2